Mario D. Valencia, NV Bar # 6154
**Mario D. Valencia, Attorney at Law, LLC**
40 S. Stephanie St, Ste. 201
Henderson, NV 89012
Telephone: (702) 384-7494
Facsimile: (702) 384-7545
E-Mail: valencia.mario@gmail.com

Loren R. Ungar, (*pro hac vice*)
**HUSCH BLACKWELL LLP**
2415 E. Camelback Road, Suite 500
Phoenix, Arizona 85016-4288
Telephone: (480) 824-7888
Facsimile: (480) 622-9461
E-Mail: Loren.Ungar@huschblackwell.com

Attorneys for Defendants
*McCollister's Global Services, Inc. and*
*McCollister's Brokerage Service, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HENDERSON LUXURY IMPORTS, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>MCCOLLISTER'S GLOBAL SERVICES, INC., a Delaware corporation; MCCOLLISTER'S BROKERAGE SERVICE, INC., a Delaware corporation; ORLANDI'S TOWING LLC, a Nevada limited liability company; DOES I–X, individually; and ROE ENTITIES I–X, inclusive,<br><br>Defendants. | No.: 2:26-cv-00909-JAD-MDC<br><br>**AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Defendants McCollister's Global Services, Inc. and McCollister's Brokerage Service, Inc. ("Defendants"), and Plaintiff Henderson Luxury Imports, Inc.

("Plaintiff") hereby submit their Amended Stipulated Discovery Plan and Scheduling Order in compliance with and pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(b).

## I. Introduction

Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint on May 13, 2026. *See* ECF No. 9. Briefing concluded on June 3, 2026. *See* ECF No. 12. Defendants' Motion to Dismiss remains pending. Defendants submit this Amended Stipulated Discovery Plan without waiving, and expressly preserving, all rights and defenses asserted in their pending Motion to Dismiss, including their right to seek a stay of discovery pending resolution of that motion. Nothing herein shall be construed as an admission that any discovery is appropriate or necessary, or that any claim in Plaintiff's Amended Complaint survives dismissal.

On June 26, 2026, Plaintiff initiated a scheduling conference with Defendants. On July 1, 2026, the Parties held their mandatory Fed. R. Civ. P. 26(f) conference. David L. Edelblute appeared for Plaintiff. Loren R. Ungar appeared for Defendants.

## II. Information required by Fed. R. Civ. P. 26(f)

1. **Initial Disclosures (Fed. R. Civ. P. 26(f)(3)(A):** Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be disclosed by **August 14, 2026,** given the scheduling needs of the Parties and their clients.
2. **Subjects on Which Discovery May Be Needed (Fed. R. Civ. P. 26(f)(3)(B):**

   a. Defendants' alleged involvement with the transportation of the

BMW.

b. Plaintiff's own policies and procedures regarding the release of cargo to motor carriers.

c. Actions taken by Plaintiff to mitigate damages.

3. **Disclosure or Discovery of Electronically Stored Information ("ESI") (Fed. R. Civ. P. 26(f)(3)(C) and LR 26-1(b)(9)):** The Parties jointly consent to exchanging ESI in a reasonably usable format**.** The Parties will confer regarding any disputes concerning the scope or form of ESI production and will seek Court intervention only after good-faith efforts to resolve such disputes have been exhausted.

4. **Claims of Privilege or of Protection (Fed. R. Civ. P. 26(f)(3)(D)):** The Parties foresee that claims of privilege or work-product protection may arise and will address any disputes in accordance with Fed. R. Civ. P. 26(b)(5). The Parties reserve the right to seek entry of a protective order or a clawback agreement under Fed. R. Evid. 502(d).

5. **Proposed Changes to the Limitations on Discovery imposed under the rules or local rules (Fed. R. Civ. P. 26(f)(3)(E)):** The Parties do not propose any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules of this Court at this time. The Parties reserve the right to seek modification of such limits upon a showing of good cause.

6. **Other Orders (Fed. R. Civ. P. 26(f)(3)(F)):** The Parties do not currently seek any other orders from the Court pursuant to Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c). The Parties reserve the right to seek appropriate orders as the litigation develops.

**III. <u>Discovery Plan and Scheduling Order</u> (in compliance with LR 26-1(b))**

7. Discovery Cut-Off Date: Defendants first appeared on May 13, 2026. *See* ECF No. 9. The number of days required for discovery from that date is 180 days. Thus, the discovery cut-off date is **November 9, 2026.**

8. Amending the Pleadings and Adding Parties: The deadline to amend the pleadings and add parties is **August 11, 2026.**

9. Expert and Rebuttal-Expert Disclosures: The deadline to disclose initial expert disclosures shall be **September 10, 2026**. Rebuttal expert disclosures shall be served by **October 12, 2026.**

10. Dispositive Motions: The deadline to file dispositive motions is **December 9, 2026.**

11. Pretrial Order: The deadline to file a pretrial order is **January 8, 2027**. If dispositive motions are filed, the deadline for the pretrial order will be suspended until 30 days after the court's decision on dispositive motions or further court order.

12. Fed. R. Civ. P. 26(a)(3) Disclosures: The disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections thereto shall be included in the joint

pretrial order unless the Court orders otherwise.

13. Alternative Dispute Resolution. The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes, including mediation, arbitration, and early neutral evaluation, if applicable.

14. Alternative Forms of Case Disposition. The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, as well as participation in the Short Trial Program (General Order 2013-01).

//

//

//

//

//

//

//

//

//

//

//

//

15. Electronic Evidence. The parties stipulate that they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties also stipulate they may receive and will provide discovery in electronic format with the Court's electronic jury evidence display system. LR 26-1(b)(9).

**IT IS SO AGREED AND STIPULATED.**

**HUSCH BLACKWELL LLP**

*/s/ Loren R. Ungar*
Loren R. Ungar, Esq. (*pro hac vice*)

Mario D. Valencia (SBN 6154)
**Mario D. Valencia, Attorney at Law, LLC**

*Attorneys for Defendants McCollister's Global Services, Inc., and McCollister's Brokerage Service, Inc.*

**HOWARD & HOWARD ATTORNEYS PLLC**

*/s/ David L. Edelblute*
Martin A. Little, Esq. (SBN 7067)
Alexander Villamar, Esq. (SBN 9927)
David L. Edelblute, Esq. (SBN 14049)

*Attorneys for Plaintiff Henderson Luxury Imports, Inc. dba BWM of Henderson*

**IT IS SO ORDERED:**



Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: August 11, 2026